# SIOUX CITY & PACIFIC RAILROAD COMPANY *v.* UNITED STATES.

### IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IOWA.

Submitted December 18th, 1883.—Decided January 21st, 1884.

*Internal Revenue—Land Grant Railroads—Statutes—Taxation.*

Under the act of July 1st, 1862, 12 Stat. 492–3, and the acts in addition to it, plaintiff in error received from defendant in error subsidy bonds, which were made by statute a lien upon its road : *Held,* That, in a suit to collect an internal revenue tax on the undivided net earnings of the road, carried to a fund or to construction account, the plaintiff was not entitled to have the interest upon these bonds deducted from its net earnings before settling the amount to be subject to the tax ; but that the amount of that interest, if earned and carried to a fund or charged to construction, was taxable.

Suit to recover an internal revenue tax on the undivided net earnings of the plaintiff's railroad. Defence that the company was not subject to the tax to the extent of the interest on the subsidy bonds issued to it under the act of July 1st, 1862, 12 Stat. 489, ch. 120.

*Mr. E. S. Bailey* for plaintiff in error.

*Mr. Solicitor-General* for defendant in error.

Mr. Justice Bradley delivered the opinion of the court.

This was an action brought by the United States against the Sioux City & Pacific Railroad Company to recover certain arrears of taxes alleged to have accrued from November, 1868, to September, 1871, inclusive. The first count of the declaration states that for the eleven months ending September 30th, 1868, the gross receipts of the company from passengers were $51,786.12, on which it became liable to pay a tax of 2½ per cent., or $1,294.55 ; and that the undivided net earnings of the company for the same period, which were carried to the construction fund or account, were $43,889.39, on which the company became liable to pay a tax of 5 per cent., amounting to $2,194.41 ; that the

company paid the tax on gross receipts, but refused to pay the tax on net earnings carried to construction account. Three other counts for the following years showed an aggregate arrearage (including that stated in the first count) of over $11,000. There were four other counts for penalties, to which the statute of limitations was pleaded, and which are not the subject of controversy. Issue being taken on the first four counts, the parties entered into a stipulation for the purpose of showing the precise matter in dispute.

This stipulation, after stating the title of the cause, was as follows:

"The parties to the above-entitled action hereby stipulate to waive a jury on the trial thereof. For the purpose of the trial of this action, the following facts are admitted:

"1. All the material facts alleged in the first count of the petition are true, subject to the following statement and exception, to wit: The amount of interest accrued during the period mentioned in said count on the subsidy bonds (so-called) issued by the United States to said defendant in pursuance of the act of Congress entitled ' An Act to aid in the construction of a railroad and telegraph line from the Missouri River to the Pacific Ocean, and to secure to the government the use of the same for postal, military, and other purposes,' approved July first, 1862, and the amendments thereto, was the sum of thirty-six thousand dollars ($36,000). If the said sum of $36,000 is subject in law to be deducted from the gross receipts of the defendant in order to ascertain the net earnings thereof for the period named, then the amount of the net earnings liable to a tax of five per cent. is the sum of seven thousand eight hundred and eighty-eight and $\frac{39}{100}$ dollars ($7,888.39), and the tax on the same is three hundred ninety-four and $\frac{41}{100}$ dollars ($394.41), instead of the sum of $2,194.41, as claimed in said count."

Similar admissions were made with regard to the other counts, and the stipulation concluded as follows:

"If the court is of the opinion that the interest which accrued on the said subsidy bonds for the several periods named is subject to be

deducted from the gross receipts in order to ascertain the net earnings, then the plaintiff is entitled to recover—

| | | |
|---|---:|---:|
| On the first count only..................... | $394 | 51 |
| On the second count only................... | 52 | 60 |
| On the third count only.................... | 1,434 | 37 |
| And on the fourth count................... | 221 | 81 |
| "Total......................... | $2,103 | 29 |

"But if, on the other hand, the court should be of the opinion that the said interest accrued on said bonds is not subject to be deducted, the plaintiff is entitled to receive—

| | | |
|---|---:|---:|
| On the first count...................... | $2,194 | 51 |
| On the second count..................... | 3,944 | 77 |
| On the third count...................... | 3,416 | 23 |
| On the fourth count..................... | 221 | 81 |
| "Making a total of.............. | $9,777 | 32 " |

Upon this state of facts, the court gave judgment for the latter sum, and the company has brought this writ of error to review said judgment.

We think that the judgment was right. The accruing interest on the subsidy bonds loaned by the government to the company, is payable by the company at a future day, to wit, at the maturity of the bonds; and if a sufficient amount of the company's annual net earnings is laid aside (as it should be) to meet that interest when it shall become due, the amount so laid aside would be directly within the scope of the Internal Revenue Act, as it stood when the net earnings in question arose. The 122d section of that act, as amended in 1866, imposed a five per cent. tax, not only on all payments of interest due on bonds and on all dividends declared by any railroad or canal company, but also on "all profits of such company carried to the account of any fund, or used for construction." The profits here referred to are the profits arising from the operation of the road or canal, without deduction of interest paid to its bondholders or dividends paid to its stockholders, and correspond to the phrase "net earnings" used in the stipulation of the parties in this case. *Union Pacific Railroad Company* v. *United States*, 99 U. S. 402. The expression in

the act, "Profits carried to the account of any fund," would cover the exact case here if any portion of such net earnings had been carried to a fund created for meeting the interest to be paid on the subsidy bonds. It is very clear, therefore, that whether the whole of said net earnings were carried to construction account (as admitted in the stipulation) or a part of it were carried to account of such accruing interest fund, it would be expressly taxable by the Internal Revenue Act.

The same result, we think, would have followed had the interest in the subsidy bonds been payable by the company semi-annually as it fell due; for although the words of the Internal Revenue Act, as that act stood when the transactions in question occurred, 14 Stat. 138, imposed the five per cent. tax upon interest due and payable by a railroad or canal company only where such company was indebted for "money for which *bonds or other evidence of indebtedness have been issued,* payable in one or more years after date, upon which interest is stipulated to be paid, or coupons representing the interest;" which words may be regarded as literally referring only to "bonds or other evidence of indebtedness" issued by the company itself; yet, if the company had been obliged to pay the interest accruing on the subsidy bonds semi-annually as the same fell due, said bonds would have been, in effect, the bonds "or other evidence of indebtedness" of the company. Though in form government bonds, the subsidy act makes them a mortgage lien on the property of the company, and ultimately payable by the company, principal and interest, 12 Stat. 492, 493; and if an obligation had been imposed by the statute to pay both principal and interest as they respectively fell due, it would have made them substantially and in effect the bonds of the company, and fairly taxable under the Internal Revenue Act.

Be this, however, as it may, it is clear that where, as in the present case, the interest is to be provided for by a fund, in the nature of a sinking fund, to be laid by for the purpose, the case comes within the express terms of the Internal Revenue Act; and no deduction of such accruing interest can be made from the taxable net earnings of the company.

*The judgment of the Circuit Court is affirmed.*